IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


REGINA TERWILLIGER                                                                          PLAINTIFF


V.                              Case No. 09-CV-4055


HOWARD MEMORIAL HOSPITAL;
QUORUM HEALTH RESOURCES, LLC;
KIM HOWARD; and GAYLA LACEFIELD                                              DEFENDANTS


## MEMORANDUM OPINION

Before the Court is a Motion for Summary Judgment filed by Defendants.  (Doc. 23).

Plaintiff Regina Terwilliger has responded.  (Doc. 30).  Defendants have filed a reply.  (Doc. 35).

Plaintiff has filed a sur-reply.  (Doc. 36).  The Court finds the matter ripe for consideration.

## BACKGROUND

Plaintiff was employed by Howard Memorial Hospital ("Hospital") for a little over two years.

During that time, she worked first in the kitchen and then moved to housekeeping.  Plaintiff, as one

of four housekeepers, was assigned to clean certain areas of the Hospital and was given a master key

to the Hospital.  On November 14, 2008, Plaintiff completed and submitted a request for leave under

the Family and Medical Leave Act ("FMLA") because she needed back surgery.  Plaintiff's request

for FMLA leave was approved on November 26, 2008, and Plaintiff underwent surgery on January

29, 2009.  Plaintiff was released without restrictions on February 12, 2009, and returned to work on

February 16, 2009.

During her recovery, Kim Howard, Plaintiff's immediate supervisor, contacted Plaintiff

weekly to inquire when she was going to return to work.  According to Plaintiff, she felt pressured

by these calls to return to work. During one phone call, Plaintiff asked Howard if her job was in jeopardy and Howard replied that she should return to work as soon as possible.

In October and November 2008, four Hospital employees all had money stolen from either their desks or lockers. Coincidentally, no money had been stolen when Plaintiff and another housekeeping employee subsequently fired for theft were both off work. Also, Plaintiff was working at a time when money was stolen from some lockers, and the other hospital employee subsequently fired for theft had not been working at the time. In December 2009, Hospital management decided to place a camera on Angie Hansen's desk, an employee who had money stolen from her. On March 6, 2009, this other housekeeping employee was caught on tape opening Hansen's middle desk drawer, removing something, and placing it in her pocket. On March 9, 2009, around 5:45 a.m., the camera captured Plaintiff in Hansen's office. Defendants contend that the video shows Plaintiff opening Hansen's desk drawer, looking in it, and closing the drawer without taking anything. Plaintiff maintains that she was pulling out a trash can behind the desk and denies that she opened the desk drawer. It is not clear to the Court whether Plaintiff was opening the desk drawer or pulling out a trash can, but Plaintiff was pulling out something behind Hansen's desk. Nevertheless, Plaintiff had not been assigned to clean Hansen's office on that day.

Plaintiff, as well as the other housekeeping employee[1] caught on video, was terminated on March 12, 2009. Gayla Lacefield, the Hospital's Human Resources Director, told Plaintiff that the reason for her termination was theft. Defendants admit that, absent the allegation of theft, Plaintiff would not have been terminated. Plaintiff filed suit against Defendant under the FMLA for

---

[1] The other housekeeping employee, who was terminated on the same day as Plaintiff, was also out on FMLA leave for a portion of Plaintiff's FMLA leave.

retaliatory discharge and interference.  Plaintiff also contends that she was denied the full benefit of the FMLA because she felt pressure to return to work while she was on leave.

This case is now before the Court on a Motion for Summary Judgment filed by Defendants. (Doc. 23).  Defendants argue that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) states that summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Under this standard, the inquiry is not whether the evidence favors one side or the other, but "whether a fair minded jury could return a verdict for the plaintiff on the evidence presented." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).  When considering a summary judgment motion, the Court "must view the evidence 'in the light most favorable to the nonmoving party.'" *Sappington v. Skyjack, Inc.*, 512 F.3d 440, 445 (8th Cir. 2008).  To defeat a motion for summary judgment, however, the non-moving party must "make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The "nonmovant must present more than a scintilla of evidence and must advance specific facts to create a genuine issue of material fact for trial." *F.D.I.C. v. Bell*, 106 F.3d 258 (8th Cir. 1997).  "In order to survive a motion for summary judgment, the non-moving party must be able to show sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy." *Binkley v. Entergy Operations, Inc.*, 602 F.3d 928, 931 (8th Cir. 2010).

## DISCUSSION

Under the FMLA, eligible employees are provided up to twelve (12) workweeks of unpaid leave during any twelve month period.  29 U.S.C. § 2612; *Darby v. Bratch*, 287 F.3d 673, 679 (8th Cir. 2002).  Employers are prohibited from discriminating against employees who exercise their rights under the FMLA.  29 U.S.C. § 2615(a)(2); *Darby*, 287 F.3d at 679.  An employee may maintain two types of claims under the FMLA:  (1) interference claims "in which the employee alleges that an employer denied or interfered with his substantive rights under the FMLA" and (2) retaliation claims "in which the employee alleges that the employer discriminated against him for exercising his FMLA rights."  *Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1050 (8th Cir. 2006).

### A.  Interference Claim

Plaintiff specifically claims that Defendants denied Plaintiff her full benefits under the FMLA because Howard pressured Plaintiff to return to work after only eleven (11) weeks of leave. Defendants argue that there is no issue of material fact regarding Plaintiff's FMLA interference claim.  According to Defendants, Plaintiff admitted that she was physically able to return to work when she did and thus did not come back to work early.

An employer is prohibited from interfering with, restraining, or denying an employee's exercise of or attempted exercise of any right contained in the FMLA.  29 U.S.C. § 2615(a)(1).  An employer's action that deters an employee from participating in protected activities constitutes an interference of the employee's exercise of his or her rights.  *Stallings*, 447 F.3d at 1050.  The Eighth Circuit does not always require that an employee be denied FMLA leave before bringing an FMLA interference claim.  Interference includes discouraging an employee from using FMLA leave,  29 C.F.R. § 825.220(b), as well as manipulation by a covered employer to avoid responsibilities under FMLA.  *Phillips v. Mathews*, 547 F.3d 905, 911 (8th Cir. 2008).  To prove interference, an employee

-4-

must show that the employer denied his or her benefits to which he or she was entitled under the FMLA. *Stallings*, 447 F.3d at 1050.

Here, Plaintiff asserts that she was discouraged from using the FMLA leave to which she was entitled. Plaintiff testified in her deposition that, during her recovery, she felt pressured to return to work by Howard's weekly phone calls inquiring when she was going to return to work. During one of these phone calls, Plaintiff asked Howard if her job was in jeopardy and Howard replied that she should return to work as soon as she could. Plaintiff further testified in her deposition that Lacefield discouraged Plaintiff from taking FMLA leave by telling Plaintiff not to tell anyone that Lacefield had informed Plaintiff of her rights under the FMLA.

Defendants argue that, because Plaintiff returned to work after her doctor had released her to return to work without any restrictions, she cannot claim that she was denied a benefit that she was entitled to under the FMLA. Defendants, however, are overlooking the fact that an interference claim includes the "chill theory." *See Phillips*, 547 F.3d at 914. (reasoning that a chilling of FMLA rights is sufficient for an FMLA interference claim). Interference occurs when an employer's action deters an employee's exercise of FMLA rights. *Estrada v. Cypress Semiconductor (Minn.) Inc.*, 616 F.3d 866, 871 (8th Cir. 2010). Here, Plaintiff had a right not to be discouraged from taking FMLA leave. 29 C.F.R. § 825.220(b). After considering the evidence put forth by Plaintiff and viewing that evidence in the light most favorable to her, including all favorable inferences, the Court finds that a reasonable jury could conclude that Defendants interfered with Planitiff's exercise of her FMLA rights by discouraging or chilling her exercise of those rights. Accordingly, summary judgment is denied on Plaintiff's FMLA interference claim.

-5-

### B. Retaliation Claim

Plaintiff claims that Defendants terminated her in retaliation for her taking FMLA leave. Unlike an interference claim, under a retaliation claim, an employee must provide proof of retaliatory intent. *Stallings*, 447 F.3d at 1051.  However, without direct evidence of retaliation, the claim is analyzed under the *McDonnell Douglas* burden-shifting framework. *Phillips*, 547 F.3d at 912 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)).  To establish a prima facie case of retaliation under the FMLA, Plaintiff must show that she engaged in activity protected under the FMLA, that she suffered an adverse employment action by Defendants, and that a causal connection existed between her action and the adverse employment action. *Darby*, 287 F.3d at 679.  If Plaintiff is able to show this, the burden shifts to Defendants to show a legitimate, nondiscriminatory reason for the adverse action. *Phillips*, 547 F.3d at 912.  "This burden 'is not onerous and the showing need not be made by a preponderance of the evidence.'"  *Id*. (citing *Wallace v. Sparks Health Sys.*, 415 F.3d 855, 860 (8th Cir. 2005).  If Defendants are able to meet this burden, Plaintiff "must come forward with evidence that creates an issue of fact as to whether the asserted reason was pretext for discrimination."  *Id*.

Defendants do not argue that Plaintiff cannot establish her prima facie case.  Defendants' primary argument is that Plaintiff was terminated for a legitimate, nondiscriminatory reason—suspicion of theft.  The Court agrees that this is a legitimate, nondiscriminatory reason.  Thus, Plaintiff must demonstrate that this reason is mere pretext.  Proving pretext or actual discrimination requires more substantial evidence than making a prima facie case, because unlike evidence establishing the prima facie case, evidence of pretext and discrimination is viewed in light of the employer's justification. *Phillips*, 547 F.3d at 913.  The Eighth Circuit has recognized several methods of proving pretext:

An employee may prove pretext by demonstrating that the employer's proffered reason has no basis in fact, that the employee received a favorable review shortly before he was terminated, that similarly situated employees who did not engage in the protected activity were treated more leniently, that the employer changed its explanation for why it fired the employee, or that the employer deviated from its policies.

*Stallings*, 447 F.3d at 1052.

Plaintiff first argues that Defendants are changing their explanation for her termination by now asserting that Plaintiff was terminated based on her intent to steal or suspicion of theft instead of actual theft. On March 12, 2009, during a meeting with Plaintiff, Lacefield told Plaintiff that the reason for her termination was theft of property. Plaintiff denies that she committed theft and the videotape does not establish that Plaintiff actually stole anything. Defendants do not dispute that they have no direct evidence of theft; however, the affidavit of Brian Bickel, the CEO who discharged Plaintiff, states that it was clear to him that Plaintiff would have stolen money from Hansen's desk drawer had another Hospital employee not already stolen it three days earlier. Plaintiff had not been assigned to clean Hansen's office on that day and the video was made before Plaintiff had clocked-in for work.

In reviewing Plaintiff's retaliation claim, the Court is mindful that it does not sit as a super-personnel department "'reviewing the wisdom or fairness of the business judgments made by employers, except to the extent those judgments involve intentional discrimination.'" *Id.* (quoting *Hutson v. McDonnell Douglas Corp.*, 63 F.3d 771, 781 (8th Cir. 1995)). Here, there is evidence that Bickel honestly believed that Plaintiff had engaged in conduct meriting her termination—attempted theft.[2] Defendants have not backed off of their original justification for Plaintiff's termination,

---

[2]Attempted theft is a terminable offense under the Hospital's policy. (Doc. 30-3, Pl. Ex. C, p. 13, section 6.0).

-7-

which is theft.  The Court does not find any reasons given for Plaintiff's termination to be inconsistent.  Citing now to an attempt to steal instead of actual theft as the reason for Plaintiff's termination is not a substantial change in Defendants' explanation for the termination, and the Court finds that it is not probative of pretext.  *See Rodgers v. U.S. Bank, N.A.*, 417 F.3d 845, 855 (8th Cir. 2005) (finding that while substantial changes over time in proffered reasons for termination can support a finding of pretext, this does not mean that the employer "cannot elaborate on its proffered reason").

Second, Plaintiff argues that Defendants' justification for her termination is unworthy of credence or has no basis in fact.  To support her argument, Defendant argues that Defendants do not have evidence that Plaintiff committed theft, which is their proffered reason for her firing.  Whether Plaintiff committed actual theft or whether Plaintiff attempted to commit theft is immaterial.  The relevant inquiry here is whether Defendants' articulated reason for Plaintiff's termination was a pretext for retaliation, not whether Plaintiff actually did what she was accused of doing or whether discharge was warranted.  *Logan v. Liberty Healthcare Corp.*, 416 F.3d 877, 883 (8th Cir. 2005). As discussed above, the Court is satisfied that Bickel had a reasonable good faith belief that Plaintiff intended or attempted to steal something from the desk drawer.  Howard, Plaintiff's supervisor, testified in his deposition that he told Bickel that Plaintiff was not assigned to clean Hansen's office on March 9, 2009, the day the video was taken.  The video was taken before Plaintiff had clocked-in to work that day.  Bickel stressed to Lacefield that he could not trust Plaintiff with a master key even though the video does not show Plaintiff actually stealing anything from Hansen's drawer.  Here, Plaintiff has presented no evidence to show that Defendants did not believe that she had attempted or intended to steal something from Hansen's desk drawer.  An absence of direct evidence that

Plaintiff committed theft does not create an issue of fact that Defendants's reason for her discharge lacked a basis in fact at the time of her discharge.

After considering the evidence put forth by Plaintiff and viewing that evidence in the light most favorable to her, including all favorable inferences, the Court finds that a reasonable jury could not conclude that Defendants' non-discriminatory reason for Plaintiff's termination was pretext for FMLA retaliation. Accordingly, the Court grants summary judgment on Plaintiff's retaliation claim.[3]

*C. Proper Defendants*

Defendants argue that because neither Lacefield nor Howard made the decision to terminate Plaintiff, neither is liable for retaliatory discharge. Because the Court grants summary judgment on Plaintiff's retaliation claim, the Court will not address Defendant's argument regarding Lacefield's and Howard's liability for this claim. Further, Defendants argue that Quorum Health Resources is not a proper Defendant in this action because Quorum is not Plaintiff's employer. The Court is not prepared to rule on this issue at this time as it needs further briefing on this issue as it relates to the interference claim. If Defendants wish to further pursue their arguments concerning the proper defendants in this action, it may do so in a second motion for summary judgment.

## CONCLUSION

Upon consideration, the Court finds that the Motion for Summary Judgment filed by Defendants should be and hereby is **GRANTED IN PART and DENIED IN PART**. Plaintiff's

---

[3]Plaintiff includes in her complaint a claim for wrongful discharge based on the same conduct as her retaliation claim. The Court treats the FMLA retaliation claim and the wrongful discharge claim as one in the same. Because Plaintiff has failed to show retaliation, her wrongful discharge claim also fails.

interference claim will proceed to trial as scheduled, and her retaliation claim is hereby dismissed with prejudice.

IT IS SO ORDERED, this 27th day of January, 2011.


                                 /s/ Harry F. Barnes
                               Hon. Harry F. Barnes
                               United States District Judge