IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


REGINA TERWILLIGER                                                                      PLAINTIFF


V.                                      Case No. 09-CV-4055


HOWARD MEMORIAL HOSPITAL;
QUORUM HEALTH RESOURCES, LLC;
KIM HOWARD; and GAYLA LACEFIELD                                                    DEFENDANTS


## MEMORANDUM OPINION

Before the Court is a Renewed Motion for Summary Judgment filed by Defendants. (ECF No. 51). Plaintiff Regina Terwilliger has responded. (ECF No. 56). Defendants have filed a reply. (ECF No. 58). The Court finds the matter ripe for consideration.

## BACKGROUND

Today, the Court sets forth only the facts relevant to the renewed summary judgment motion at issue. Plaintiff was employed by Howard Memorial Hospital for a little over two years. During that time, she worked first in the kitchen and then moved to housekeeping. On November 14, 2008, Plaintiff completed and submitted a request for leave under the Family and Medical Leave Act ("FMLA") because she needed back surgery. Plaintiff's request for FMLA leave was approved on November 26, 2008, and Plaintiff underwent surgery on January 29, 2009. Plaintiff was released without restrictions on February 12, 2009, and returned to work on February 16, 2009. During her recovery, Kim Howard, Plaintiff's immediate supervisor, contacted Plaintiff weekly to inquire when she was going to return to work. According to Plaintiff, she felt pressured by these calls to return

to work. During one phone call, Plaintiff asked Howard if her job was in jeopardy, and Howard replied that she should return to work as soon as possible.

On June 8, 2009, Plaintiff filed a complaint against Defendants (ECF No. 1), which was later amended on July 20, 2009 (ECF No. 12). The amended complaint alleges that Defendants interfered with Plaintiff's FMLA leave and retaliated against Plaintiff for taking FMLA leave. On January 27, 2011, the Court granted summary judgment in favor of Defendants on Plaintiff's retaliation claim. (ECF Nos. 42 and 43). This case is presently before the Court on a renewed summary judgment motion filed by Defendants regarding Plaintiff's interference claim. (ECF No. 51).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) states that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Under this standard, the inquiry is not whether the evidence favors one side or the other, but "whether a fair minded jury could return a verdict for the plaintiff on the evidence presented." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). When considering a summary judgment motion, the Court "must view the evidence 'in the light most favorable to the nonmoving party.'" *Sappington v. Skyjack, Inc.*, 512 F.3d 440, 445 (8th Cir. 2008). To defeat a motion for summary judgment, however, the non-moving party must "make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "nonmovant must present more than a scintilla of evidence and must advance specific facts to create a genuine issue of material fact for trial." *F.D.I.C. v. Bell*, 106 F.3d 258 (8th Cir. 1997). "In order to survive a motion for summary judgment, the non-moving party must be able to show sufficient probative

evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy." *Binkley v. Entergy Operations, Inc.*, 602 F.3d 928, 931 (8th Cir. 2010).

## DISCUSSION

Under the FMLA, eligible employees are provided up to twelve (12) work weeks of unpaid leave during any twelve month period if they have a serious health condition that renders them unable to perform their jobs. 29 U.S.C. § 2612; *Darby v. Bratch*, 287 F.3d 673, 679 (8th Cir. 2002). Employers are prohibited from discriminating against employees who exercise their rights under the FMLA. 29 U.S.C. § 2615(a)(2); *Darby*, 287 F.3d at 679. An employee may maintain two types of claims under the FMLA: (1) interference claims "in which the employee alleges that an employer denied or interfered with his substantive rights under the FMLA" and (2) retaliation claims "in which the employee alleges that the employer discriminated against him for exercising his FMLA rights." *Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1050 (8th Cir. 2006).

Plaintiff's retaliation claim has been dismissed (ECF No. 43), so today the Court is concerned only with Plaintiff's interference claim.[1] Plaintiff specifically claims that Defendants denied Plaintiff her full benefits under the FMLA because Howard pressured Plaintiff to return to work after only eleven (11) weeks of leave. Defendants argue that there is no issue of material fact regarding Plaintiff's FMLA interference claim. According to Defendants, Plaintiff admitted that she was physically able to return to work when she did and thus was entitled to no more leave under the FMLA.

---

[1] Previously, the Court ruled that Plaintiff's interference claim would proceed to trial as scheduled (ECF Nos. 42 and 43); however, today the Court will reconsider its earlier ruling on the interference claim.

An employer is prohibited from interfering with, restraining, or denying an employee's exercise of, or attempted exercise of, any right contained in the FMLA. 29 U.S.C. § 2615(a)(1). An employer's action that deters an employee from participating in protected activities constitutes an interference of the employee's exercise of his or her rights. *Stallings*, 447 F.3d at 1050. The Eighth Circuit does not always require that an employee be denied FMLA leave before bringing an FMLA interference claim. Interference includes discouraging an employee from using FMLA leave, 29 C.F.R. § 825.220(b), as well as manipulation by a covered employer to avoid responsibilities under FMLA. *Phillips v. Mathews*, 547 F.3d 905, 911 (8th Cir. 2008). To prove interference, an employee must show that the employer denied his or her benefits to which he or she was entitled under the FMLA. *Stallings*, 447 F.3d at 1050.

Here, Plaintiff asserts that she was discouraged from using the FMLA leave to which she was entitled. Plaintiff testified in her deposition that, during her recovery, she felt pressured to return to work by Howard's weekly phone calls inquiring when she was going to return to work. During one of these phone calls, Plaintiff asked Howard if her job was in jeopardy and Howard replied that she should return to work as soon as she could.

Defendants argue that, because Plaintiff returned to work after her doctor had released her to return to work without any restrictions, she cannot claim that she was denied a benefit that she was entitled to under the FMLA. Interference occurs when an employer's action deters an employee's exercise of FMLA rights. *Estrada v. Cypress Semiconductor (Minn.) Inc.*, 616 F.3d 866, 871 (8th Cir. 2010). The right at issue here is Plaintiff's right to take FMLA leave. Plaintiff admits that she could return to work and perform her job after eleven (11) weeks of leave. In fact, at that time, her physician had released her to return to work. Because Plaintiff's physician had released her to return to work, she did not have a serious health condition that rendered her unable to perform her job.

Thus, Plaintiff was entitled to no further benefit under the FMLA. *See Stallings*, 447 F.3d at 1050 ("In an interference claim, an employee must show ... that he or she was entitled to the benefit denied.)

In the Court's earlier opinion, it reasoned that Plaintiff had the right not to be discouraged from taking FMLA leave. 29 C.F.R. § 825.220(b). However, if Plaintiff was not entitled to additional leave under the FMLA, it is impossible to discourage her from taking that leave. Moreover, Plaintiff has offered no evidence of actual damages related to the interference claim.

## CONCLUSION

Upon consideration, the Court finds that the Renewed Motion for Summary Judgment (ECF No. 51) filed by Defendants should be and hereby is **GRANTED**. Plaintiff's interference claim is hereby dismissed with prejudice. Because there exist no remaining claims in this lawsuit, the Clerk is directed to close the case.

IT IS SO ORDERED, this 18th day of November, 2011.

       /s/ Susan O. Hickey
Hon. Susan O. Hickey
United States District Judge